Cassandra & Gullo, PLLC
Dominick D. Gullo (DG5146)
Abigail B. Schuster (AS0949)
Attorney for Defendants
8118 – 13th Avenue
Brooklyn, New York 11228
(718) 701-2100

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X

U.S. COACHWAYS, INC.,                                    Case No.: 17cv5983

                             Plaintiff,

        v.                                                COMPLAINT

ANTHONY VACCARELLO, DANNY VALDOVINOS,
DHINEL BIYANWILA, MICHAEL SPOCH, BUS
QUOTE USA, INC. and BAUER'S INTELLIGENT
TRANSPORTATION, INC.,

                             Defendants.
-----------------------------------------------------------------------X

Plaintiff U.S. Coachways, Inc. by its attorneys, Aidala, Bertuna & Kamins, P.C., allege as follows:

### Jurisdiction and Venue

1.      This Court has jurisdiction over this matter under 28 U.S.C. § 1332(a), as the parties are of diverse citizenship within the meaning of that section, and the amount in controversy exceeds $75,000.00.

2.      This Court has personal jurisdiction over the Defendants as they have transacted business within the State of New York.

3.  Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the Plaintiff's primary office is located in the Eastern District of New York, to wit, Richmond County, Staten Island, City and State of New York.

### The Parties

4.  Plaintiff U.S. Coachways, Inc. is a domestic business corporation incorporated under the laws of the State of New Jersey with its primary place of business in the State of New York with offices at 100 Saint Mary's Avenue, Staten Island, New York 10305. Plaintiff is a transportation provider, which operates nationwide. Plaintiff provides charter bus and transportation services for private, corporate, and government bus trips. U.S. Coachways charters its own buses for clients and also hires outside vendors to provide busing services to clients.

5.  Defendant Anthony Vaccarello ("Vaccarello") is a natural person residing at 3920 North Christiana Avenue, Chicago, Illinois 60618. He was employed by Plaintiff from in or about 2009 through March 2017 as the Vice President of Procurement and General Manager of Subout.com, an entity of the plaintiff company. In that capacity, Defendant Vaccarello was responsible for overseeing the hiring and securing of vehicles/buses for Plaintiff's clients. As part of his employment with Plaintiff, Defendant Vaccarello worked directly with Plaintiff's clients and had access to all Plaintiff's client and vendor lists, marketing information, leads, and client information.

6.  Defendant Danny Valdovinos ("Valdovinos") is a natural person residing at 2333 North Seeley Avenue, Chicago, Illinois 60647. Defendant Valdovinos was employed by Plaintiff as a Vending Agent during the period of January 5, 2015 to May 13, 2016. Valdovinos worked directly with and was supervised by Vaccarello.

7. Defendant Dhinel Biyanwila ("Biyanwila") is a natural person residing at 5009 Sheridan Road, Chicago, Illinois 60640. Biyanwila was employed by Plaintiff as an Assistant Manager of the Vendor Relations/Subout team during the period of January 5, 2015 to March 20, 2017. Biyanwila worked directly with and was supervised by Vaccarello.

8. Defendant Michael Stoch ("Stoch") is a natural person residing at 1633 South Throop Street, Chicago, Illinois 60608. Stoch was employed by Plaintiff as a Vending Agent during the period of June 1, 2015 to April 27, 2016. Stoch worked directly with and was supervised by Vaccarello.

9. Defendant Bus Quote USA, Inc. ("Bus Quote USA") is a domestic corporation incorporated under the laws of the State of Illinois with a principle place of business in the State of Illinois with offices located at 5225 Carol Street, Skokie, Illinois 60077. Upon information and belief, Bus Quote USA is wholly owned and operated by Vaccarello.

10. Defendant Bauer's Intelligent Transportation, Inc. ("Bauer's") is a domestic corporation incorporated under the laws of the State of California with a principle place of business in the State of California with offices located at 50 Pier 50, San Francisco, California 94158. Bauer's engages in the bussing/transportation business and is a competitor of Plaintiff's in California. Upon information and belief, Bauer's currently employs Vaccarella.

## Factual Allegations

11. Defendant Vaccarello was employed by Plaintiff as the Vice President of Procurement and General Manager of the business derived from the company website for the period of in or about 2009 through March 2017.

12. Vaccarello signed an employment agreement with Plaintiff wherein it was agreed that Vaccarello's employment would be "at-will."

13. As a necessary part of his employment, Plaintiff gave Vaccarello access to certain trade secrets and proprietary information, which included, but was not limited to, confidential client lists, confidential client information, confidential pricing schemes, confidential marketing strategies, and confidential business leads.

14. Vaccarello signed a Confidentiality and Non-Disclosure Agreement on March 15, 2012 with Plaintiff. This Agreement explicitly prohibited Vaccarello from "disclos[ing] any Confidential Information to anyone outside of the [Plaintiff] Company, or utilize[ing] any Confidential Information for his/her own benefit or the benefit of any third party without the prior written consent of the [Plaintiff] Company."

15. As Vice President of Procurement and General Manager of Subout.com, Defendant Vaccarello's job responsibilities included communicating and dealing with Plaintiff's clients and vendors directly. Vaccarello was employed through Plaintiff's New York office, but worked remotely from his home in Chicago, Illinois.

16. Vaccarello was provided with a desktop computer by Plaintiff to work remotely. Defendant Vaccarello had access to Plaintiff's computer hard drive, which included confidential and proprietary trade secrets and information that Vaccarello was provided with to perform his job duties.

17. Upon information and belief, during his employment with Plaintiff, Vaccarello owned and operated the company Bus Quote USA, Inc., which provided transportation brokerage and consulting services. Bus Quote USA, Inc. is a named Defendant in this action.

18. Upon information and belief, Vaccarello utilized Plaintiff's confidential and proprietary trade secrets without permission or authority in operating, soliciting, and/or

advertising Bus Quote USA, Inc. throughout his employment with Plaintiff in violation of his legal obligations and express contractual obligations.

19. On March 20, 2017, Vaccarello was suspended without pay from his position at the Plaintiff Corporation. At that time, Plaintiff informed Vaccarello that the company would be conducting a review of his role at the Plaintiff Corporation wherein a decision would then be made regarding Vaccarello's employment status.

20. On March 31, 2017, Plaintiff terminated for cause Vaccarello's employment as of March 20, 2017. Vaccarello was informed of same via letter from Plaintiff's human resources department.

21. In or about April 2017, Vaccarello mailed Plaintiff its computers that he had been using at his home office. These computers were returned to Plaintiff without their hard drives, which contain confidential and proprietary trade secrets. The hard drives and information contained therein are the private property of Plaintiff. Vaccarello intentionally and in bad faith removed the hard drives and refused to return same thereby intentionally interfering with Plaintiff's ownership interest therein. Vaccarello continues to act with gross disregard for Plaintiff's interests despite his legal and contractual obligations.

22. In or about April 2017, Vaccarello became employed by Bauer's Intelligent Transportation, Inc., a competitor of Plaintiff's. Upon information and belief, Vaccarello is using Plaintiff's confidential proprietary information at his employment at Bauer's. Upon information and belief, Vaccarello is using Plaintiff's trade secrets for his personal benefit and to benefit his new employer. Bauer's has a competitive advantage over Plaintiff due to its use of Plaintiff's trade secrets and proprietary information.

23. Upon information and belief, Vaccarello has personally contacted Plaintiff's customers and vendors in an attempt to poach Plaintiff's clients. Vaccarello is able to contact said clients due to his access to Plaintiff's trade secrets and proprietary information.

24. Defendant Valdovinos was employed by Plaintiff as a Vending Agent beginning January 5, 2015. In or about May 2016, Plaintiff terminated Valdovinos' employment.

25. Defendant Valdovinos signed a Confidentiality and Non-Disclosure Agreement on February 5, 2015 with Plaintiff. This Agreement explicitly prohibited Valdovinos from "disclos[ing] any Confidential Information to anyone outside of the [Plaintiff] Company, or utilize any Confidential Information for his/her own benefit or the benefit of any third party without the prior written consent of the [Plaintiff] Company."

26. Defendant Biyanwila was employed by Plaintiff as an Assistant Manager of the Vendor Relations/Subout team from January 5, 2015. In or about March 2017, Plaintiff terminated for cause Biyanwila's employment.

27. Biyanwila signed a Confidentiality and Non-Disclosure Agreement on February 5, 2015 with Plaintiff. This Agreement explicitly prohibited Biyanwila from "disclos[ing] any Confidential Information to anyone outside of the [Plaintiff] Company, or utilize any Confidential Information for his/her own benefit or the benefit of any third party without the prior written consent of the [Plaintiff] Company."

28. Defendant Biyanwila signed an Employment Agreement and Non-Compete Agreement on February 9, 2016 that again restricted him from distributing Plaintiff's confidential information.

29. Defendant Stoch was employed by Plaintiff as a Vending Agent beginning June 1, 2015. In or about April 2016, Plaintiff terminated for cause Stoch's employment.

30. Defendant Stoch signed an employment agreement on February 6, 2016 wherein he agreed to "not to divulge to others any Company confidential information or confidential information of our clients, partners, vendors or others."

31. All of the individual defendants gained access to Plaintiff's trade secrets and proprietary information without Plaintiff's permission and authority and used it to their benefit.

32. The defendants used the trade secrets and proprietary information to further their own business interests to the detriment of Plaintiff's business interests, thereby causing Plaintiff damages.

33. Upon information and belief, the individual defendants continue to utilize the aforesaid information to Plaintiff's continuing detriment.

34. Upon information and belief, Vaccarello, Valdovinos, Bivanwila, and Stoch utilized Plaintiff's confidential and proprietary information to further Defendant Bus Quote USA's business throughout their employment with Plaintiff, which is a direct violation of their Confidentiality and Non-Disclosure Agreements and employment agreements.

35. Upon information and belief, Vaccarello, Valdovinos, Bivanwila, and Stoch utilized Plaintiff's confidential and proprietary information to further their personal interests.

36. Upon information and belief, Vaccarello, Valdovinos, Bivanwila, and Stoch utilized Plaintiff's confidential and proprietary information to further Bauer's interests.

37. Defendants used the trade secrets and proprietary information to contact Plaintiff's clients and vendors, and used the information to gain an unfair competitive advantage.

38. Upon information and belief, in plain violation of Plaintiff's confidentiality protections, the individual defendants used Plaintiff's costumer data to contact and solicit business from Plaintiff's clients and vendors.

39. Upon information and belief, Defendants Bus Quote USA and Bauer's have been utilizing Plaintiff's confidential proprietary information and trade secrets to further their business interests to the detriment of Plaintiff.

### AS AND FOR A FIRST CAUSE OF ACTION
(Breach of Contract)
**As to Defendants Vaccarello, Valdovinos, Bivanwila and Stoch**

40. Plaintiff reasserts and realleges the allegations made in paragraphs 1 through 39 as though they were incorporated herein.

41. Defendants Vaccarello, Valdovinos and Bivanwila entered into valid and binding Employment Agreement and Confidentiality and Non-Disclosure Agreement with Plaintiff.

42. The individual defendants materially breached those agreements by taking, disclosing, and utilizing Plaintiff's confidential and proprietary information for their personal benefit and to benefit Bus Quote USA and Bauer's.

43. Defendants did not have permission or authority to take, disclose, or utilize Plaintiff's trade secrets and proprietary information.

44. Plaintiff has sustained monetary damages due to the individual defendants' material breach of their Employment Agreements and Confidentiality and Non-Disclosure contracts in an amount to be determined at trial, but not less than the jurisdictional amount.

45. **WHEREFORE,** Plaintiff respectfully prays for (1) judgment against Defendants in an amount to be determined at trial, (2) punitive damages in the amount of $5,000,000.00 (Five Million Dollars), and for (3) an Order enjoining Defendants from utilizing Plaintiff's trade secrets and proprietary information.

## AS AND FOR A SECOND CAUSE OF ACTION
### (Breach of the Implied Covenant of Good Faith and Fair Dealing)
### As to Defendants Vaccarello, Valdovinos, Bivanwila and Stoch

46. Plaintiff reasserts and realleges the allegations made in paragraphs 1 through 45 as though they were incorporated herein.

47. Defendants Vaccarello, Valdovinos, Bivanwila, and Stoch entered into valid and binding Employment Agreement and Confidentiality and Non-Disclosure Agreements with Plaintiff.

48. Plaintiff fully performed pursuant to the Agreements. Namely, Plaintiff provided the individual defendants with paid employment.

49. Defendants Vaccarello, Valdovinos, Bivanwila, and Stoch unfairly interfered with Plaintiff's right to receive the benefit of the contract.

50. Plaintiff has sustained monetary damages as a result of Defendants Vaccarello, Valdovinos, Bivanwila, and Stoch's conduct in an amount to be determined at the time of trial.

51. **WHEREFORE,** Plaintiff respectfully prays for (1) judgment against Defendants in an amount to be determined at trial, (2) punitive damages in the amount of $5,000,000.00 (Five Million Dollars), and for (3) an Order enjoining Defendants from utilizing Plaintiff's trade secrets and proprietary information.

## AS AND FOR A THIRD CAUSE OF ACTION
### (Breach of Fiduciary Duty)
### As to Defendants Vaccarello, Valdovinos, Bivanwila and Stoch

52. Plaintiff reasserts and realleges the allegations made in paragraphs 1 through 52 as if fully set forth herein.

53. Defendants Vaccarello, Valdovinos, Bivanwila and Stoch as employees of the plaintiff company owed a fiduciary duty to Plaintiff under the respective employment agreements and under law.

54. Defendant Vaccarello owed a fiduciary duty to Plaintiff as a result of his management position with Plaintiff.

55. The individual defendants breached that fiduciary duty by acting in bad faith in converting, utilizing and divulging Plaintiff's proprietary information and trade secrets, causing Plaintiff monetary damages in an amount to be determined at trial, but no less than the jurisdictional amount.

56. **WHEREFORE,** Plaintiff respectfully prays for (1) judgment against Defendants in an amount to be determined at trial, (2) punitive damages in the amount of $5,000,000.00 (Five Million Dollars), and for (3) an Order enjoining Defendants from utilizing Plaintiff's trade secrets and proprietary information.

### AS AND FOR A FOURTH CAUSE OF ACTION
(Conversion)
**As to Defendant Vaccarello**

57. Plaintiff reasserts and realleges the allegations made in paragraphs 1 through 56 as though they were incorporated herein.

58. Plaintiff owns and has the right to possess its personal property. Namely, the hard drives from its computers that were utilized in Defendant Vaccarello's home office in Chicago, Illinois.

59. Vaccarello intentionally interfered with Plaintiff's ownership interests in the property by intentionally removing the hard drives and taking the drives and the information contained within them with the intent to deprive Plaintiff of its ownership interest permanently.

60. Vaccarello has deprived Plaintiff of possession of its personal property, thereby interfering with Plaintiff's ownership interest in the property.

61. Vaccarello's interference has caused monetary damages to Plaintiff.

62. **WHEREFORE,** Plaintiff respectfully prays for (1) judgment against Defendants in an amount to be determined at trial, (2) punitive damages in the amount of $5,000,000.00 (Five Million Dollars), (3) an Order enjoining Defendants from utilizing Plaintiff's trade secrets and proprietary information, and (4) replevin.

## AS AND FOR A FIFTH CAUSE OF ACTION
### (Misappropriation of Trade Secrets and Confidential Information)
### As to All Defendants

63. Plaintiff reasserts and realleges the allegations made in paragraphs 1 through 62 as though they were incorporated herein.

64. Defendants herein used the trade secrets of Plaintiff without the express or implied consent of the owner of the trade secret; namely Plaintiff.

65. The trade secrets were obtained as a result of Plaintiff's employment and in a manner that violated Defendants' Employment Agreements and Non-Disclosure Agreements.

66. Defendants Vaccarello, Valdovinos, Bivanwila, and Stoch misused the information from Plaintiff's hard drives while employed by Plaintiff for use outside the scope of their employment with Plaintiff by using the information to benefit third parties, Defendants Bus

Quote USA and Bauer's, as well as to the personal benefit of each Defendant to the detriment of Plaintiff.

67. Moreover, Defendants Bus Quote USA and Bauer's knew or should have known that said information was Plaintiff's trade secrets and proprietary information.

68. The trade secrets and confidential information misappropriated by Defendants is Plaintiff's confidential customer and vendor data, and its pricing and marketing scheme for same. Defendants used this information to their benefit and to the detriment of Plaintiff.

69. **WHEREFORE,** Plaintiff respectfully prays for (1) judgment against Defendants in an amount to be determined at trial, (2) punitive damages in the amount of $5,000,000.00 (Five Million Dollars), and for (3) an Order enjoining Defendants from utilizing Plaintiff's trade secrets and proprietary information.

## AS AND FOR A SIXTH CAUSE OF ACTION
### (Unjust Enrichment)
### As to All Defendants

70. Plaintiff reasserts and realleges the allegations made in paragraphs 1 through 69 as though they were incorporated herein.

71. The named Defendants herein benefitted at the expense of Plaintiff, and equity and good conscience requires restitution.

72. The Defendants were unjustly enriched through the use of Plaintiff's property, namely its proprietary information, and Plaintiff was not compensated there for.

73. **WHEREFORE,** Plaintiff respectfully prays for (1) judgment against Defendants in an amount to be determined at trial, (2) punitive damages in the amount of $5,000,000.00 (Five Million Dollars), and for (3) an Order enjoining Defendants from utilizing Plaintiff's trade secrets and proprietary information.

## AS AND FOR A SEVENTH CAUSE OF ACTION
### (Unfair Competition)
### As to All Defendants

74. Plaintiff reasserts and realleges the allegations made in paragraphs 1 through 73 as though they were incorporated herein.

75. Defendants misappropriated the confidential trade secrets of Plaintiff in bad faith.

76. Defendants misappropriated Plaintiff's property for commercial advantage. Defendants have unjustifiably attempted to profit from Plaintiff's expenditure of time, labor and talent.

77. Plaintiff's labors and expenditures were misappropriated by Defendants to its detriment.

78. **WHEREFORE,** Plaintiff respectfully prays for (1) judgment against Defendants in an amount to be determined at trial, (2) punitive damages in the amount of $5,000,000.00 (Five Million Dollars), and for (3) an Order enjoining Defendants from utilizing Plaintiff's trade secrets and proprietary information.

## AS AND FOR A EIGHTH CAUSE OF ACTION
### (Permanent Injunctive Relief)
### As to All Defendants

79. Plaintiff reasserts and realleges the allegations made in paragraphs 1 through 78 as though they were incorporated herein.

80. Defendants have been utilizing Plaintiff's confidential trade secrets and proprietary information for their benefit and to the detriment of Plaintiff. Defendant should be enjoined from utilizing same.

81. Absent injunctive relief, irreparable harm will be caused to Plaintiff and its business interests.

82. The balance of the equities weighs in favor of granting preliminary injunctive relief due to the wrongdoing of the Defendants.

83. Preliminary injunctive relief in this matter is in the public interest

84. **WHEREFORE,** Plaintiff respectfully prays for permanent injunctive relief against Defendants enjoining them from utilizing Plaintiff's trade secrets and proprietary information.

**WHEREFORE,** Plaintiff respectfully prays for (1) judgment against Defendants in an amount to be determined at trial but not less than the jurisdictional amounts, (2) punitive damages in the amount of $5,000,000.00 (Five Million Dollars), and for (3) an Order enjoining Defendants from utilizing Plaintiff's trade secrets and proprietary information and (4) an Order ordering Defendant Vaccarello to return Plaintiff's property (5) any further relief this Honorable Court deems just and proper.

Dated: Brooklyn, New York
October 12, 2017

AIDALA, BERTUNA & KAMINS, P.C.

Dominick Gullo, Esq.
Attorneys for Plaintiff U.S. Coachways
8118 13th Avenue
Brooklyn, New York
Telephone: 718-701-2100
Facsimile: 718-698-1131
info@cassandragullo.com

## VERIFICATION

STATE OF NEW YORK     )
                      ) ss:
COUNTY OF NEW YORK    )

DOMINICK GULLO, ESQ., hereby affirms and says:

1. I am an attorney at law, duly admitted to practice before the Courts of the State of New York and a member of the AIDALA, BERTUNA & KAMINS, P.C., attorneys for plaintiffs U.S. COACHWAYS, INC.

2. I have read the annexed Verified Complaint, know the contents thereof to be true to my knowledge, except those matters therein stated to be alleged on information and belief, and as to those matters, I believe them to be true based upon my personal knowledge and my review of the files maintained by my office.

3. The reason this Verification is being made by me is that plaintiff U.S. COACHWAYS, INC. does not reside in the county where the office I work within is located.

　　　　　　　　　　　　　　　　　　　Dominick Gullo, Esq.

Cassandra & Gullo, PLLC
Dominick D. Gullo (DG5146)
Abigail B. Schuster (AS0949)
Attorney for Defendants
8118 – 13th Avenue
Brooklyn, New York 11228
(718) 701-2100

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

U.S. COACHWAYS, INC.,                                    Case No.: 17cv5983

                                   **Plaintiff**,

     v.

ANTHONY VACCARELLO, DANNY VALDOVINOS,
DHINEL BIYANWILA, MICHAEL SPOCH, BUS
QUOTE USA, INC. and BAUER'S INTELLIGENT
TRANSPORTATION, INC.,

                                   **Defendants**.
------------------------------------------------------------------------X

## SUMMONS AND COMPLAINT

**AIDALA, BERTUNA & KAMINS, PC**
By: Dominick Gullo, Esq. DG-5146
Attorneys for Defendants
**U.S. COACHWAYS, INC**
8118 13th Avenue
Brooklyn, New York 11228
(718) 701-2100
info@cassandragullo.com