UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------X
U.S. COACHWAYS, INC.,

        Plaintiff,

                                  17 CV 5983 (SJ) (SMG)

                                  <u>MEMORANDUM</u>
                                  <u>AND ORDER</u>

      -against-


ANTHONY VACCARELLO,
DANNY VALDOVINOS,
DHINEL BIYANWILA,
MICHAEL SPOCH,
BUS QUOTE USA, INC., and
BAUER'S INTELLIGENT
TRANSPORTATION, INC.


        Defendants.
-------------------------------------------------X

A P P E A R A N C E S

LAW OFFICES OF DOMINICK GULLO
8118 13th Avenue
Brooklyn, NY 11228
By:    Dominick Daniel Gullo
*Attorneys for Plaintiff*

CAMPOLO MIDDLETON & MCCORMICK, LLP
4175 Veterans Memorial Highway
Suite 400
Ronkonkoma, NY 11779
By:    Jeffrey V. Basso
*Attorneys for Defendants*

JOHNSON, Senior District Judge:

Plaintiff U.S. Coachways, Inc. brings this breach of contract action asserting federal subject matter jurisdiction based upon diversity of citizenship and amount in controversy. See 28 U.S.C. § 1332(a). Presently before the Court is Defendants Anthony Vaccarello, Danny Valdovinos, Dhinel Biyanwila, Michael Spoch, Bus Quote USA, Inc. and Bauer's Intelligent Transportation, Inc.'s (collectively, "Defendants") motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). (Dkt. No. 20-5.) For the reasons that follow, Defendants' motion is granted and denied in part.

## BACKGROUND

The following facts, drawn from the Complaint (Dkt. No. 1, the "Complaint") and appended exhibit to Defendant's motion (Dkt. No. 20-3, the "Confidentiality Agreement," or "Agreement"[1]), are assumed true for purposes of Defendant's motion to dismiss.

Plaintiff (or the "Company") is a bus charter and transportation business that both charters its own buses and hires outside vendors to provide busing services to clients. Plaintiff employed Vaccarello as its Vice President of procurement and general manager of Subout.com, a wholly owned entity, from 2009 through March 2017, when he was terminated for cause. In this capacity,

---

[1] The Confidentiality Agreement executed by Vaccarello is referenced in the Complaint. Accordingly, the Court will consider it in connection with this motion to dismiss. See Blue Tree Hotels Inv. (Can.), Ltd. v. Starwood Hotels & Resorts Worldwide, Inc., 369 F.3d 212, 217 (2d Cir. 2004). However, as the parties have not appended the agreements executed by Valdovinos, Biyanwila or Spoch, the Court relies only on the allegations in the Complaint as to those defendants.

2

Vaccarello worked directly with Plaintiff's clients and had access to all of Plaintiff's client and vendor lists, as well as marketing, business leads and client information, all of which Plaintiff alleges are confidential. Plaintiff provided Vaccarello with computers containing confidential information necessary to his job duties that enabled him to work remotely. After Vaccarello's termination, he returned the computers to Plaintiff without their hard drives.

Plaintiff employed Valdovinos, Biyanwila and Spoch under Vaccarello's supervision at various points from 2015 through 2016, and they were all fired for cause. Vaccarello, Valdovinos, Biyanwila and Spoch (collectively, the "Individual Defendants") all signed employment and confidentiality and noncompete agreements with Plaintiff that prohibit them from, among other things, disclosing designated confidential information to those outside the company.

Vaccarello owns and operates Bus Quote USA, Inc. ("Bus Quote"). Bauer's Intelligent Transportation, Inc. ("Bauer") has employed Vaccarello since April 2017. Plaintiff alleges that the Individual Defendants used, or are using, confidential information in breach of their respective agreements to gain an unfair competitive advantage over it and to further their own interests.

**LEGAL STANDARDS**

When considering a 12(b)(6) motion to dismiss, the Court must determine whether or not a claim is legally sufficient. See Goldman v. Belden, 754 F.2d 1059, 1067 (2d Cir. 1985). In order for a claim to stand, a plaintiff must allege sufficient factual matter to state a claim that can plausibly give rise to entitlement to relief. See Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009). "Threadbare recitals of

the elements of a cause of action, supported by mere conclusory statements" are not legally sufficient to withstand a 12(b)(6) motion. Ashcroft v. Iqbal, 556 U.S. 662, 678. Instead, a plaintiff must offer "enough facts to state a claim to relief that is plausible on its face." Id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). However, the plaintiff need not set forth a multitude of facts to survive a motion to dismiss; rather, a "short and plain statement of the claim showing that the pleader is entitled to relief" will suffice. Fed. R. Civ. P. 8(a)(2). The Court must accept all of the allegations in the complaint as true, and construe all reasonable inferences in favor of the plaintiff. See Reed v. Garden City Union Free Sch. Dist., 987 F. Supp. 2d 260, 265 (E.D.N.Y. 2013).

In considering a motion to dismiss, a court may consider the pleading itself, documents referenced in the complaint, documents that the plaintiff relied on in bringing the suit and matters of which judicial notice may be taken. See Arrocha v. City Univ. of N.Y., 878 F. Supp. 2d 364, 368 (E.D.N.Y. 2012).

## DISCUSSION

### A. Plaintiff's Breach of Contract Claim

To state a cause of action for breach of a confidentiality agreement under New York law, a plaintiff must specify "the terms of the agreement, the consideration, the performance by plaintiff[], and the basis of the alleged breach of the agreement by defendant." Boccardi Capital Sys., Inc. v. D.E. Shaw Laminar Portfolios, L.L.C., 2009 WL 362118, at *4 (S.D.N.Y. Feb. 9, 2009), aff'd, 2009 WL 4640652 (2d Cir. Dec. 9, 2009). Here, the parties dispute whether Plaintiff has adequately pleaded a breach.

### 1. Defendant Vaccarello

Vaccarello's Confidentiality Agreement broadly prohibits him from "disclos[ing] any Confidential Information to anyone outside of the Company, or utiliz[ing] any Confidential information of his[] own benefit or the benefit of any third party without the prior written consent of the Company." "Confidential Information" is defined in the Agreement as

> "all information, whether written or oral, tangible or intangible, of a private, secret, proprietary or confidential nature, of our concerning the Company or its business or operations, including without limitation any trade-secrets or know-how, computer software programs in both source code and object source form, any technique, process or methodology, any sales, promotional or marketing plans, programs, techniques, practices or strategies, any expansion plans (including existing and entry into new markets), any operation or management guidelines, any cost pricing or other financial data or projections, the identity and background of any customer, employee, prospect, vendor or investor, and any other information that is to be treated as confidential because of any duty of confidentiality owed by the Company to a third party or any other information that the Company shall, in the ordinary course of business, possess or use and not release externally without restriction on use or disclosure."

(Dkt. No. 20-3 at 2.) "Confidential Information" does not include information known by Vaccarello prior to his employment with Plaintiff, that became available from a source other than Plaintiff, or that became generally known or available in the industry from a source other than Plaintiff. (Id.) The Agreement further states that

> "all memoranda, disks, files, notes, records or other documents which contain Confidential Information, whether in electronic form or hard copy, and whether created by [Vaccarello] or others, which come into his[] possession, shall be and remain the exclusive property of the Company[.] . . . [T]he foregoing restrictions shall apply whether or not such information is marked 'Confidential,' 'Proprietary' or otherwise."

(Id.)

Upon termination, Vaccarello was to return all Company property to Plaintiff, including "all memoranda, disks, files, notes, records or other documents which contain or are based upon Confidential Information[.]" The Agreement prohibits Vaccarello from keeping any such property in his possession. (Id. at 3.) Further, during its term and a period of two years thereafter, the Agreement prohibits Vaccarello from competing with Plaintiff or soliciting its employees. Finally, the Confidentiality Agreement contains a "Final Agreement" provision, stipulating that the "Agreement supersedes any prior agreement . . . and contains the entire understanding of the agreement[.]"

Defendants argue that Plaintiff has not sufficiently pleaded a breach of the Agreement. The Court concludes that the Complaint plausibly alleges a breach as to Vaccarello. Plaintiff alleges that Vaccarello utilized Plaintiff's confidential and proprietary trade secrets" in operating his company, Bus Quote (Compl. ¶ 18); that Vaccarello did not return Plaintiff's hard drives containing Confidential Information upon his termination (Id. ¶ 21); that Vaccarello continues to violate the Confidentiality Agreement by "using Plaintiff's confidential proprietary information at his employment at Bauer's," and by "using Plaintiff's trade secrets for his personal benefit and to benefit his new employer" (Id. ¶ 22.); and that Vaccarello "personally contacted Plaintiff's customers and vendors in an attempt to poach Plaintiff's clients" via "his access to Plaintiff's trade secrets and proprietary information." (Id. ¶ 23.) Plaintiff states that Vaccarello did all of this without permission or authority. Plaintiff defines its "confidential and proprietary trade

secrets" as consisting of, among other things, "confidential client lists, confidential client information, confidential pricing schemes, confidential marketing strategies, and confidential business leads." (Id. ¶ 13.)

Assuming, as is required, that these facts are true, this is sufficient to plead a breach. To survive a motion to dismiss, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. The fact that Vaccarello did not return the hard drives that Plaintiff attests contain information contemplated by the Agreement is in itself sufficient to plead a breach. It moreover supports the inference that Vaccarello utilized and is continuing to utilize the information on the hard drives for his benefit. Without discovery, the Court cannot conclude whether Vaccarello utilized any information that is fairly classified as a trade secret, proprietary or otherwise confidential. Plaintiff "has no obligation to reveal those secrets in the Complaint simply to prove that they exist." SD Prot., Inc. v. Del Rio, 498 F. Supp. 2d 576, 586 (E.D.N.Y. 2007); see also Medtech Prods. Inc., v. Ranir, LLC, 596 F. Supp. 2d 778, 789 (S.D.N.Y. 2008) (noting that pleading specificity as to the precise information misappropriated is not required to withstand a Rule 12(b)(6) motion to dismiss). Accordingly, the Court declines to resolve this claim prior to discovery and denies Defendants' motion to dismiss Plaintiff's breach of contract claim as to Vaccarello.

### 2. Defendants Valdovinos, Biyanwila and Spoch

While Plaintiff adequately pleads a breach of contract claim as to Vaccarello, the same is not true of the remaining Individual Defendants. The only allegations Plaintiff makes as to these defendants are generic ones that state that

7

they are using Plaintiff's trade secrets and proprietary information to further Bus Quote and their own interests to Plaintiff's detriment. Plaintiff pleads no facts alleging a relationship between the Individual Defendants or a relationship with Bus Quote, or any facts sufficient to support an inference that they were violating their agreements. Accordingly, Plaintiff's breach of contract claim is dismissed as to Valdovinos, Biyanwila and Spoch.

### B. Plaintiff's Remaining Claims

Plaintiff brings breach of the implied covenant of good faith and fair dealing, breach of fiduciary duty, conversion, misappropriation of trade secrets, unjust enrichment and unfair competition claims against Defendants. For the following reasons, these claims are all dismissed.

#### 1. The Individual Defendants

Under New York law, where "a valid agreement governs the subject matter of a dispute between parties, claims arising from that dispute are contractual; attempts to repackage them as sounding in fraud, conversion, and other torts, as well as unjust enrichment . . . are generally precluded, unless based on a duty independent of the contract." Poplar Lane Farm LLC v. Fathers of Our Lady of Mercy, 449 Fed. App'x 57, 59 (2d Cir. 2011); see also In re First Cent. Fin. Corp., 377 F.3d 209, 213 (2d Cir. 2004) (applying New York law) (noting same as to unjust enrichment); Cereus Prod. Dev., Inc. v. Boom LLC, 2015 WL 3540827, at *7 (S.D.N.Y. June 5, 2015) (applying New York law) (noting same as to misappropriation of trade secrets); Balta v. Ayco Co., 626 F. Supp. 2d 347, 360–61 (W.D.N.Y. 2009) (applying New York law) (noting same as to fiduciary duty);

8

Washington v. Kellwood Co., 2009 WL 855652, at *6 n.3 (S.D.N.Y. Mar. 24, 2009) (applying New York law) (noting same as to implied covenant of good faith and fair dealing); AD Rendon Comm'ns, Inc. v. Lumina Ams., Inc., 2007 WL 2962591, at *4 (S.D.N.Y. Oct. 10, 2007) (applying New York law) (noting same as to conversion); Orange Cty. Choppers, Inc. v. Olaes Enters., Inc., 497 F. Supp. 2d 541, 558 (S.D.N.Y. 2007) (applying New York law) (noting same as to unfair competition).

Plaintiff does not dispute Defendants' contentions that there are valid contracts that govern this dispute, or that its remaining claims, based on the Individual Defendants' alleged use of its trade secrets, proprietary and confidential information, are duplicative of its cause of action for breach contract. Further, Plaintiff fails to meet the requisite pleading standard, as its threadbare pleading primarily restates the elements of the causes of action and asserts no bases for its claims other than those that are alleged in support of its breach of contract claim. Accordingly, these claims, premised on the Individual Defendants' alleged use of information governed by the contracts at issue, are dismissed as duplicative. See Dorset Indus., v. Unified Grocers, Inc., 893 F. Supp. 2d 395, 405 (E.D.N.Y. 2012).

### 2. Defendants Bus Quote and Bauer

Because Bus Quote and Bauer have no contractual obligation to Plaintiff, the Court considers whether Plaintiff has adequately pleaded claims as to these Defendants.

**Misappropriation of Trade Secrets**

Plaintiff alleges a misappropriation of trade secrets cause of action against Defendants Bus Quote and Bauer, claiming that they "knew or should have known that [the information at issue] was Plaintiff's trade secrets and proprietary information." (Compl. ¶ 67.) To make out a claim for misappropriation of trade secrets under New York law, a plaintiff must show "(1) that it possessed a trade secret, and (2) that the defendants used that trade secret in breach of an agreement, confidential relationship or duty, or as a result of discovery by improper means." Faiveley Transp. Malmo AB v. Wabtec Corp., 559 F.3d 110, 117 (2d Cir. 2009). Plaintiff's threadbare pleading as to Bus Quote and Bauer is insufficient to support an inference that they utilized its trade secrets in any of those ways, let alone that they used them at all. Accordingly, the Court dismisses this cause of action as to Bus Quote and Bauer.

**Unjust Enrichment**

Plaintiff also alleges that Bus Quote and Bauer were "unjustly enriched through the use of Plaintiff's property, namely its proprietary information, Plaintiff was not compensated there for." (Compl. ¶ 72.) Under New York law, an unjust enrichment claim requires a showing that "(1) defendant was enriched, (2) at plaintiff's expense, and (3) equity and good conscience militate against permitting defendant to retain what plaintiff is seeking to recover." Ashland Inc. v. Morgan Stanley & Co., Inc., 652 F.3d 333, 339 (2d Cir. 2011) (internal citation and quotation marks omitted). The only allegations Plaintiff makes as to these defendants that can conceivably be construed in support of its claim are that Bus

Quote is wholly owned by Vaccarello, and that Vaccarello currently works at Bauer. Plaintiff makes unsupported assertions that Vaccarello is using Plaintiff's trade secrets and confidential proprietary information at Bauer for Bauer's benefit, that Bauer has a resulting competitive advantage over Plaintiff, and that the Individual Defendants are using Plaintiff's information to benefit Bus Quote. Plaintiff pleads no facts that support how Bus Quote and Bauer were enriched, if at all, let alone whether equity necessitates Plaintiff's recovery. Accordingly, the Court dismisses Plaintiff's unjust enrichment claim as to Bus Quote and Bauer.

**Unfair Competition**

"[T]he essence of an unfair competition claim is that the defendant has misappropriated the labors and expenditures of another and has done so in bad faith." Coca-Cola N. Am., v. Crawley Juice, Inc., 2011 WL 1882845, at *6 (E.D.N.Y. May 17, 2011) (internal quotation marks and citations omitted) (applying New York law). Because Plaintiff has failed to allege that Bus Quote or Bauer have misappropriated Plaintiff's property in any way, let alone in bad faith, the Court dismisses this claim.

## **CONCLUSION**

For the aforementioned reasons, Defendants' motion is granted in part and denied in part. The action is dismissed as to Defendants Valdovinos, Biyanwila, Spoch, Bus Quote and Bauer. Plaintiff's application for injunctive relief is denied without prejudice. Any of the parties' remaining arguments have been considered and are without merit. In an abundance of caution, the Court grants Plaintiff leave

11

to amend within twenty days.  Discovery is respectfully referred to Magistrate Judge Gold.

SO ORDERED.

Dated: August 3, 2018                          /s/
      Brooklyn, New York                Sterling Johnson, Jr., U.S.D.J.